PD-0876-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/13/2015 11:41:10 AM
Accepted 11/13/2015 3:26:12 PM
ABEL ACOSTA
CLERK

No. PD-0876-15

IN THE COURT OF CRIMINAL APPEALS

RONALD PRESLEY v. THE STATE OF TEXAS

On Petition for Discretionary Review from
Appeal No. 12-14-00231-CR
in the Court of Appeals, Twelfth District, at Tyler

Trial Court Cause No. 31,089
3rd Judicial District Court
Anderson County, Texas
Mark Calhoun, Judge Presiding

**MOTION FOR REHARING**

State Counsel for Offenders

Kenneth Nash, Appellate Chief
State Bar of Texas No. 14811030

Nicholas Mensch
State Bar of Texas No. 24070262
P. O. Box 4005
Huntsville, TX  77342
(936) 437-5252
(936) 437-5279 (fax)
nicholas.mensch@tdcj.texas.gov

Attorney for Petitioner

## IDENTITY OF PARTIES AND COUNSEL

**PETITIONER:**
Robert Presley, TDCJ# 00508131

**TRIAL COUNSEL FOR PETITIONER:**
Barbara Law[1]
State Bar of Texas No. 12000460
State Counsel for Offenders
P.O. Box 4005; Huntsville, Texas 77342
(936) 437-5275/(936) (936) 437-5293 fax

**APPELLATE COUNSEL FOR PETITIONER:**
Kenneth Nash, Appellate Chief
State Bar of Texas No. 14811030
Nicholas Mensch
State Bar of Texas No. 24070262
State Counsel for Offenders
P.O. Box 4005; Huntsville, Texas 77342
(936) 437-5252/(936) 437-5279 (fax)

**RESPONDENT:**
The State Of Texas

**TRIAL COUNSEL FOR RESPONDENT**
Cindy Garner
State Bar of Texas No. 07673100
Special Prosecution Unit
500 South Seventh Street; Crockett, Texas 75835
(936) 545-5297

**APPELLATE COUNSEL FOR RESPONDENT:**
Melinda Mayo Fletcher
State Bar of Texas No. 18403630
Special Prosecution Unit
P.O. Box 1744; Amarillo, Texas 79105
(806) 367-9407/(866) 923-9253 fax

---

[1]     Ms. Law has retired from State Counsel for Offenders

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................. ii

Index of Authorities ............................................................................. iv

Statement of Procedural History ............................................................ 1

Grounds for Rehearing ........................................................................ 1
.
Argument ......................................................................................... 1

Prayer for Relief ................................................................................ 5

Certificate of Compliance, Tex. R. App. P. 79.2 .................................... 6

Certificate of Compliance, Tex. R. App. P. 9.4 ..................................... 6

Certificate of Service .......................................................................... 7

# INDEX OF AUTHORITIES

**Cases**

*Blanton v. State,*
    369 S.W.3d 894 (Tex. Crim. App. 2012) .......................................................2

*Collins v. State,*
    240 S.W.3d 925 (Tex. Crim. App. 2007) .......................................................2

*Ex parte Moreno,*
    245 S.W.3d 419 (Tex. Crim. App. 2008) .......................................................4

*Ex parte Perez,*
    398 S.W.3d 206 (Tex. Crim. App. 2013) .......................................................2

*Guthrie-Nail v. State,*
    2015 Tex. Crim. App. LEXIS 917 (Tex. Crim. App. 2015)………….…….2

*Gutierrez v. State,*
    108 S.W.3d 304 (Tex. Crim. App. 2003) .......................................................4

*Moore v. State,*
    295 S.W.3d 329 (Tex. Crim. App. 2009) ...................................................3, 4

*Presley v. State*,
    No. 12-14-00231-CR, 2015 Tex. App. LEXIS 6810 (Tex. App.–Tyler June
    17, 2015, pet. filed) (not designated for publication) .....................................1

*Santobello v. New York,*
    404 U.S. 257 (1971) ....................................................................................3, 4

**Rules**

Texas Rule of Appellate Procedure 25.2(a)(1) .......................................................3

Texas Rule of Appellate Procedure 79 ...................................................................1

**Statutes**

Texas Code of Criminal Procedure 42.08(b) ............................................................1

Texas Code of Criminal Procedure 44.01(b) ...........................................................3

Pursuant to Tex. R. App. P. 79, Petitioner, Robert Presley submits this Motion for Rehearing in response to this Court's refusal of his Petition for Discretionary Review on November 5, 2015.

## STATEMENT OF PROCEDURAL HISTORY

The Twelfth Court of Appeals affirmed the trial court's judgment *nunc pro tunc* as modified. *Presley v. State*, No. 12-14-00231-CR, 2015 Tex. App. LEXIS 6810 (Tex. App.—Tyler June 17, 2015, pet. refused) (not designated for publication). The Court held "that when Art. 42.08(b)[2] applies, the trial court need not specify the prior conviction on which a defendant's sentence is to be cumulated under Art. 42.08(b) because that information will be known by the TDCJ [Texas Department of Criminal Justice]." The Court of Appeals then modified the stacking order of the judgment to state "any other sentence that Ronald Presley is currently serving." No motion for rehearing was filed. On November 4, 2015, this Court refused Petitioner's Petition for Discretionary Review.

## GROUNDS FOR REHEARING

This Court's refusal to grant the Petition, and reverse the decision of the Twelfth Court of Appeals, effectively grants prosecutors the ability to go back and change the material terms of a plea bargain agreement under the "guise" of a *nunc pro tunc*. If the State is not happy with the plea bargain, they can simply file a *nunc*

---

[2]    Tex. Code Crim. Proc. 42.08(b).

1

and receive a new, more lucrative bargain. In this case the more lucrative bargain was the changing of the cumulation order of Petitioner's conviction from one sentence (that was apparently near completion or had been discharged at the time of the *nunc* hearing) to a different sentence with a much a longer term.

## ARGUMENT

"A court may not properly grant a judgment *nunc pro tunc* to change the judgment 'to reflect what it believes should have been done.'" *Guthrie-Nail v. State*, No. PD-0125-14, 2015 Tex. Crim. App. LEXIS 917 (Tex. Crim. App. 2015) (Richardson, J., concurring), quoting *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). "Rather, a *nunc pro tunc* correction 'must reflect the judgment that was actually rendered.'" *Id.*, quoting *Blanton v. State*, 369 S.W.3d 894, 899 (Tex. Crim. App. 2012).

Here, the State of Texas offered the Petitioner 4 years, cumulated on his sentence in Cause No. F812704PM out of Dallas County in exchange for him pleading guilty (and waiving several of his constitutional rights). (C.R. at 10).[3] Petitioner accepted the State's offer and pled guilty. The State then purportedly discovered that they had made a mistake with the sentence they agreed to cumulate, part of their offer to induce Petitioner to plead guilty, and they needed a

---

[3]  The district court's oral cumulation order was considerably less precise.  The district court ordered that his 4-year sentence "will run consecutive to any other sentence that you're currently serving." (R.R. - Plea Hearing at 15)

2

redo. They couldn't do a direct appeal as they were outside of the timelines. See

Tex. Code Crim. Proc. 44.01(b), Tex. R. App. P. 25.2(a)(1). So they chose a

motion for *nunc pro tunc* to circumvent the agreement they had made.

"Plea bargains are integral part of the criminal justice system." *Moore v.

State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009). As the United States

Supreme Court has stated:

> Disposition of charges after plea discussions is not only an essential part of the process, but a highly desirable part for many reasons. It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pretrial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and, by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned.
>
> …
>
> This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, *such promise must be fulfilled*.
>
> *Santobello v. New York*, 404 U.S. 257, 261-262 (1971) (emphasis added).

These "considerations presuppose fairness in securing agreement between an

accused and a prosecutor." *Id*. at 261. "Accordingly, a proceeding in which an

3

accused waives fundamental rights: to a jury trial, to confront one's accusers, to present witnesses in one's defense, to remain silent, and to be convicted by proof beyond all reasonable doubt '*is a serious and sobering occasion.*'" *Gutierrez v. State*, 108 S.W.3d 304, 306 (Tex. Crim. App. 2003), quoting *Santobello*, 404 U.S. at 264 (emphasis added). A plea-bargain agreement, like the one between Petitioner and the State, is a contract. *Moore*, 295 S.W.3d at 331. Here, the State breached that contract when it filed their *nunc* and attempted to have the cumulation order changed from one case of aggravated assault in Cause No. F812704PM (whose sentence Petitioner was apparently near completion or had discharged at the time of the *nunc* hearing) for another case of aggravated assault in Cause No. F88-86965-JL, under the guise of a simple "mistake" they made. Petitioner contends this was not a simple mistake, but an attempt to go back and undo a legally binding agreement because the State did not give Petitioner the sentence she may have intended to, but chose not to at the time of the plea bargain. As this Court has noted, the State and society have a legitimate interest in the finality of litigation (or a judgment). *Ex parte Perez*, 398 S.W.3d 206, 218 (Tex. Crim. App. 2013) and *Ex parte Moreno*, 245 S.W.3d 419, 429 (Tex. Crim. App. 2008) ("State possess legitimate interest in 'the repose and finality of its convictions.'"). Doesn't that same legitimate interest also apply to a criminal defendant after he accepts a plea bargain agreement and it is the State, not he, who

4

challenges the validity of that judgment? This Court's refusal of Petitioner's Petition effectively tells criminal defendants that they have no such legitimate interest. It also tells them they have no legal recourse when the State goes back on a plea bargain that they signed in good faith with the expectation that the State would honor that agreement.

## **PRAYER**

Wherefore, Petitioner prays that this Court grant this Motion for Rehearing, order briefing on this cause, and set his case for submission. Moreover, upon submission and review of the appellate record and the briefs and arguments of counsel, Petitioner prays that this Court reverse the Twelfth Court of Appeal's judgment (and the trial court's judgment) and reinstate, or remand the case to the trial court so that it may reinstate, the original judgment entered on February 24, 2014. Petitioner also prays for such other relief that this Court may deem appropriate.

Respectfully submitted,

State Counsel for Offenders
Attorney for Petitioner

/s/ Nicholas Mensch
Nicholas Mensch
State Bar of Texas No. 24070262
P. O. Box 4005
Huntsville, TX  77342
(936) 437-5252/(936) 437-5279 (fax)
nicholas.mensch@tdcj.texas.gov

5

**CERTIFICATE OF COMPLIANCE, TEX. R. APP. P. 79.2**

In accordance with Tex. R. App. 79.2(c), I certify that this Motion for Rehearing that refuses Petitioner's Petition for Discretionary Review is grounded only on substantial intervening circumstances or on other significant circumstances which are specified in the Motion. I further certify that this Motion is so grounded and that the Motion is made in good faith and not for delay.

/s/ Nicholas Mensch
Nicholas Mensch

**CERTIFICATE OF COMPLIANCE, TEX R. APP. P. 9.4**

In accordance with Rule 9.4, Rules of Appellate Procedure, I certify that this computer-generated document complies with the typeface requirements of Rule 9.4(e) and is comprised of 1,171 words (excluding the items exempted in Rule 9.4(i)(1)).

/s/ Nicholas Mensch
Nicholas Mensch

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing *Motion for Rehearing* was served upon opposing counsel noted below, by one or more of the following: certified mail (return receipt requested), facsimile transfer, or electronic mail (e-mail), on this 13th day of November, 2015.

Melinda Fletcher
Special Prosecution Unit
P. O. Box 1744
Amarillo, TX  79105
Telephone no. 806-367-9407
Facsimile no. 866-923-9253
E-mail address:  mfletcher@sputexas.org

Lisa McMinn
State Prosecuting Attorney
P.O. Box 13046
Austin, TX 78711
E-mail address: information@spa.texas.gov

/s/ Nicholas Mensch
Nicholas Mensch