

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1340-08

### JONATHAN JAMES MOORE, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### MONTAGUE COUNTY

JOHNSON, J., delivered the opinion of the Court, in which KELLER, P.J., KEASLER, HOLCOMB, and COCHRAN, JJ., joined. PRICE and WOMACK, JJ., concurred. MEYERS and HERVEY, JJ., dissented.

## O P I N I O N

Appellant was charged with, and pled guilty to, manufacturing methamphetamine. During the taking of the plea, the trial court added conditions to the state's plea bargain with the appellant, including a requirement that he appear in court on a future sentencing date. When appellant failed to appear for sentencing, he violated those additional conditions and, for that reason, the trial court converted appellant's plea-bargain agreement into an open plea and sentenced appellant to 40 years'

imprisonment.

The court of appeals reversed the conviction and remanded to the trial court because of the additional conditions. The state sought discretionary review, which was granted by this Court. We now reverse the judgment of the Second Court of Appeals and affirm the judgment of the trial court.

**Facts**

Appellant entered into a plea agreement with the state whereby he would plead guilty to manufacturing methamphetamine in exchange for a recommended sentence of twenty-eight years' imprisonment and the dismissal of two other charges. On January 4, 2006, appellant entered his guilty plea before the trial court at a hearing in which he waived various rights and was admonished by the court verbally and in writing in accordance with TEX. CODE CRIM. PROC. art. 26.13(a)(2).

During the plea hearing, the court asked if sentencing was to take place at a later date. The state informed the court that a continuance for sentencing was not part of the plea bargain, but that the state had no objections if appellant and the court could come to an agreement on the issue. The court offered to postpone sentencing until February 15, 2006, with the condition that either appellant appeared for sentencing or his guilty plea would be converted to an open plea. The trial court then admonished appellant about the results of this agreement–a failure to appear on February 15, 2006, could mean a sentence of up to life and a fine of up to $10,000. Appellant agreed to the court's terms and was found competent. The court then approved the plea bargain with the added conditions, and appellant entered a plea of guilty.

Appellant failed to appear for sentencing on February 15, 2006, and was arrested the next day. At the sentencing hearing on February 27, 2006, the court announced that appellant had made an open plea and sentenced him to 40 years in the Texas Department of Criminal Justice-institutional

division.

On appeal, appellant argued that the trial court erred by treating his plea as an open plea without giving him the opportunity to withdraw his plea as required by TEX. CODE CRIM. PROC. art. 26.13(a)(2). The court of appeals held that the trial court exceeded its authority by injecting itself into the plea-bargain negotiations between the state and appellant. The court of appeals reversed the trial court and remanded for further proceedings.

We granted the state's petition for review on two grounds: (1) the court of appeals did not address preservation of the error complained of, and (2) whether the court of appeals is required to conduct a harm analysis of the error alleged by the appellant.

**Plea Bargains**

Plea bargains are an integral part of the criminal justice system. *See Gutierrez v. State*, 108 S.W.3d 304, 306 (Tex. Crim. App. 2003); *Brady v. United States*, 397 U.S. 742, 752 n. 10 (1970). At its core, a plea bargain is a contract between the state and the defendant. *See Ex parte Moussazadeh*, 64 S.W.3d 404, 411 (Tex. Crim. App. 2001); *Ortiz v. State*, 933 S.W.2d 102, 104 (Tex. Crim. App.1996); *Ex parte Williams*, 637 S.W.2d 943, 948 (Tex. Crim. App. 1982). As a contract, once both parties have entered knowingly and voluntarily into a plea bargain, they are bound by the terms of that agreement once it is accepted by the judge. *Id.* Plea agreements may contain a wide variety of stipulations and conditions that allow the state to tailor conditions in order to reach agreement with the defendant. *See e.g. Brunelle v. State*, 113 S.W.3d 788 (Tex. App.–Tyler 2003, not pet.); *Dorsey v. State*, 55 S.W.3d 227 (Tex. App.–Corpus Christi 2001, no pet.); *Torrez v. State*, 925 S.W.2d 361 (Tex. App.–Fort Worth 1996, no pet.).

The only proper role of the trial court in the plea-bargain process is advising the defendant

whether it will "follow or reject" the bargain between the state and the defendant. TEX. CODE CRIM. PROC. art. 26.13(a)(2)("the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether is will follow or reject such agreement in open court and before any finding on the plea."). If the trial court accepts a plea-bargain agreement, the state may not withdraw its offer. *Bitterman v. State*, 180 S.W.3d 139, 142 (Tex. Crim. App. 2005)(citing *Ortiz v. State*, 933 S.W.2d 102 (Tex. Crim. App. 1996). If the trial court rejects the plea-bargain agreement, the defendant is, as a matter of right, allowed to withdraw his guilty plea, and the state may then withdraw its offer. TEX. CODE CRIM. PROC. art. 26.13(a)(2)("Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere.").

Only the state may offer or withdraw a plea bargain. Because a plea-bargain agreement is solely between the state and the defendant, only the state and the defendant may alter the terms of the agreement; the trial court commits error if it unilaterally adds un-negotiated terms to a plea-bargain agreement. *Papillion v. State*, 908 S.W.2d 621, 624 (Tex. App.–Beaumont 1995, no pet.)(error occurred "when [the trial court] inserted additional, non-negotiated terms into the negotiated plea bargain between the State and appellant, and then made acceptance or rejection of said plea bargain contingent on whether or not appellant complied with said additional, non-negotiated terms.").

A trial court may conditionally agree to follow a plea-bargain agreement, but only by delaying the unconditional acceptance or rejection of the agreement until after the condition of acceptance has been fulfilled. *See Ortiz v. State*, 933 S.W.2d 102, 104 (Tex. Crim. App. 1996). If, after a conditional acceptance of a plea bargain, the trial court rejects the plea-bargain agreement,

the court must still allow the defendant the opportunity to withdraw his guilty plea. *Id.*

In this case, the trial court said that it would "approve the plea bargain agreement as stated" and would also, by a separate agreement with appellant, reset for sentencing. The statute uses the word "follow," for which "conform," "abide by," and "adhere to" are synonyms.[1] "Agree to," "adopt," and "concur in" are synonyms for "approve."[2] From these synonyms, we conclude that, by "approving" the plea agreement, the trial court informed appellant that it intended to "follow" the agreement. Because of lack of precision in its language, it is not clear to us whether the trial court intended to alter the state's offer and approve it as altered or to enter into a side agreement with appellant.

In this case, we need not decide whether, by requiring appellant to agree to enter an open plea if he failed to appear at his sentencing hearing, the trial court created its own terms and improperly added them to the state's plea-bargain offer or merely expressed its conditional intent to "approve" the plea agreement, subject to fulfillment of a separate agreement between the trial court and appellant. Whatever its intent, when the trial court rejected the plea agreement during the sentencing hearing, it was required to permit appellant to withdraw his plea of guilty.

### Preservation of Error

Preservation of error is a systemic requirement of every appeal. The state has complained that the appellate court failed to address preservation of error, and we granted review to address that issue. TEX. R. APP. P. 33.1 controls the issue of preservation of error for most trial errors. The general rule provides that complaints must be made in the "trial court by a timely request, objection,

---

[1] WEBSTER'S NEW WORLD THESAURUS 314-15 (3d ed. 1997).

[2] *Id.* at 40.

or motion . . .."

The state argues that appellant failed to preserve error at trial by neither objecting to the conditions placed on him by the trial court during the plea hearing nor by objecting at the sentencing hearing when the court declared an open plea. Appellant argues that the error presented is systemic and may be raised for the first time on appeal as an admonishment error under TEX. CODE CRIM. PROC. art. 26.13(a). *See Bessey v. State*, 239 S.W.3d 809 (Tex. Crim. App. 2007). However, the error in this case does not involve the admonishment requirements involved in *Bessey*. Instead the error arises from the trial court's improper intrusion into the plea-bargaining process. The error at issue is not systemic and may not be brought for the first time on appeal. The record reflects that, despite having the opportunity to object during the plea hearing and again at sentencing, appellant did not do so.

Appellant also argues that he was not allowed to withdraw his guilty plea. The record does not bear out this complaint. Appellant agreed to the terms improperly placed on him by the court and, at sentencing, appellant did not move to withdraw his guilty plea, despite having the opportunity to do so. The rationale of Rule 33.1 is that, if objections are raised before the trial court in a timely manner, those issues may be addressed, and possibly corrected, at trial. *See Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005). This court held in *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993), that "all but the most fundamental rights are thought to be forfeited if not insisted upon by the party to whom they belong." *Id.* at 279. By failing to object that the trial court's conditions were improper, appellant failed to preserve error. This court has not held that a trial court's intrusion in plea-bargain negotiations is systemic or waivable-only error and declines to make such a determination now.

**Conclusion**

We hold that, by not raising the error at either the plea hearing or the sentencing hearing, appellant failed to preserve error for review on appeal. Because we sustain the state's first ground, we need not address its second ground, and that ground is dismissed.

We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Delivered: July 1, 2009
Published