Opinion issued April 8, 2010




     











In The
Court of Appeals
For The
First District of Texas




NOS. 01-08-00736-CR 
& 01-09-00690-CR




JERIMIAH JAMES BERHARDT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1111565




MEMORANDUM OPINION

          On May 6, 2008, appellant, Jerimiah James Berhardt, entered a plea of guilty,
without a recommended punishment, to aggravated sexual assault of a child.


 The
trial court assessed punishment at 25 years’ imprisonment. Appellant appealed his
conviction, but his appointed counsel filed an Anders brief. Appellant filed a pro se
response contending that arguable grounds for appeal exist.
BACKGROUND

           On May 1, 2007, the State indicted appellant for aggravated sexual assault of 
his niece, age 12,


 claiming that he “intentionally and knowingly cause[d] the anus
of [the complainant], a person younger than fourteen years of age and not the spouse
of the Defendant, to contact the SEXUAL ORGAN of THE DEFENDANT.” 
Appellant retained his own counsel, Linda G. Cryer, to represent him. Cryer
represented appellant for several months before filing a motion requesting permission
to withdraw from the case. The trial court granted the motion. On April 9, 2008,
appellant petitioned the trial court to appoint counsel, and the court appointed Randy
Duarte to represent appellant. On May 6, 2008, appellant entered a plea of guilty
without a recommended punishment. In the plea hearing, appellant acknowledged
that “there has been no agreed recommendation [as to punishment]” and that “upon
a finding of guilt, [he] could be sentenced to any time [within the punishment range
of 5 years to 99 years].” The court delayed appellant’s sentencing hearing pending
the completion of a pre-sentence investigation. On August 27, 2008, the court held
appellant’s sentencing hearing. During its closing statement at the sentencing
hearing, the State asked the court to sentence appellant to 25 years in the penitentiary.
Appellant did not object, and the trial court assessed his punishment at 25 years’
imprisonment. The trial court certified appellant’s right to appeal, indicating that this
was not a plea bargain case. 
          The trial court appointed appellate counsel. Appellant filed a motion for a new
trial on September 26, 2008, claiming ineffective assistance of counsel. On
December 10, 2008, the trial court conducted a hearing on appellant’s motion for new
trial and denied it. Appellant’s counsel has filed an Anders brief, and appellant has
filed a pro se brief alleging that the prosecution breached its plea-bargain agreement
with him. ANALYSIS
          Upon receipt of a motion to withdraw and a brief from an appellant’s
court-appointed attorney asserting that no arguable grounds for reversal on appeal
exist, we must determine that issue independently by conducting our own review of
the entire record. See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400
(1967) (emphasizing that reviewing court—and not appointed counsel—determines,
after full examination of proceedings, whether case is “wholly frivolous”); Stafford
v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991) (quoting Anders). In
conducting our review, we consider any pro se response to appointed counsel’s
Anders brief that appellant files. See Bledsoe v. State, 178 S.W.3d 824, 826–28 (Tex.
Crim. App. 2005).
          Our role in an Anders case is limited to determining whether arguable grounds
for appeal exist. See id. at 826–27. We do not rule on the ultimate merits of the
issues raised by an appellant in his pro se response. Id. at 827. If we determine that
arguable grounds for appeal exist, we must allow the court-appointed attorney to
withdraw, abate the appeal, and remand the case to the trial court. See id. at 827. The
trial court must then either appoint another attorney to present all arguable grounds
for appeal or, if the appellant wishes, allow him to proceed pro se in the appellate
court. See id. “Only after the issues have been briefed by new counsel may [we]
address the merits of the issues raised.” Id.
          If, on the other hand, we determine from our independent review of the entire
record that the appeal is wholly frivolous, we may affirm the trial court’s judgment
by issuing an opinion in which we indicate that we have reviewed the record and have
found no arguable grounds for appeal. See id. at 826–28.
          Appellant contends that the State breached its plea agreement with him
because, during the State’s closing statement in his sentencing hearing, the State
requested that appellant receive 25 years’ imprisonment. However, the record clearly
demonstrates that there was no agreed punishment recommendation and that there
was no agreement that the State would not recommend a punishment to the court. 
Indeed, the trial court certified that appellant had the right to appeal precisely because
it was not a plea bargain case with an agreed punishment recommendation. See Tex.
R. App. P. 25.2(a)(2); Moore v. State, 295 S.W.3d 329, 332–33 (Tex. Crim. App.
2009) (indicating that plea bargains and open pleas are distinct). Appellant’s reliance
on Santobello v. New York is unjustified. See 404 U.S. 257, 262, 92 S. Ct. 495, 499
(1971) (“[W]hen a plea rests in any significant degree on a promise or agreement of
the prosecutor, so that it can be said to be part of the inducement or consideration,
such promise must be fulfilled.”).
          In accordance with Anders and Bledsoe, we have reviewed the entire record,
appellant’s appointed counsel’s Anders brief, and appellant’s pro se response to that
brief, and we conclude that no arguable grounds for reversal exist.



CONCLUSION
          We deny appellant’s petition for writ of mandamus, cause number 01-09-00690-CR, and we affirm the judgment of the trial court in cause number 01-08-00736-CR and grant appointed counsel’s motion to withdraw. Appointed counsel
still has a duty to inform appellant of the result of this appeal and to inform appellant
that he may, on his own, pursue discretionary review in the Court of Criminal
Appeals. See Bledsoe, 178 S.W.3d at 826–27.




 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Keyes, Sharp, and Massengale.

Do not publish. Tex. R. App. P. 47.2(b).