COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ANGEL ROMERO, | § | No. 08-10-00357-CR |
| Appellant, | § | Appeal from the |
| v. | § | 384th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20100D01732) |
| | § | |

## <u>MEMORANDUM OPINION</u>

Appellant, Angel Romero, attempts to appeal several convictions. Because the trial court's certification of his right to appeal shows that Appellant waived the right to appeal, we will dismiss.

## BACKGROUND

Appellant was indicted for one count of aggravated kidnaping, one count of aggravated assault, one count of sexual assault, two counts of assault against a family member, and one count of possession of cocaine. He filed a motion for a psychiatric examination to determine his competency to stand trial and a motion to suppress his oral and written statements. The trial judge found that Appellant was competent to stand trial and denied the motion to suppress.

Thereafter, Appellant and the State entered into a plea agreement, whereby Appellant would plead guilty to all of the charges except for possession of cocaine and the State would recommend that he be sentenced to a total of twenty years in prison. The written plea agreement did not include a blanket waiver of Appellant's right to appeal. Instead, it stated that if the punishment assessed by the court did not exceed the punishment recommended by the State, the Appellant would have to obtain the court's permission to "prosecute an appeal on any matter in this case, excepting matters

raised by written motion filed and heard prior to trial."

At the plea hearing, an assistant district attorney appeared for the State and two assistant public defenders appeared for Appellant. The trial judge advised Appellant that he would allow Appellant to withdraw the guilty plea if he sentenced him to more than twenty years in prison. The following colloquy then occurred:

THE COURT: But if I follow these plea agreements, all of them, and I give you 20 years on each count, running concurrent . . . you are going to need my permission to file an appeal to a higher court, and you're not going to get it. And if I don't give you permission to file an appeal, nobody is going to listen to your complaints.

Do you understand that?

THE DEFENDANT: I understand.

THE COURT: You filed a motion to suppress and I denied that motion to suppress . . . . If I follow this plea agreement, you are not going to be able to appeal that issue either.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: It's done and you're going to go do your 20 years. You're not going to be able to complain about anything that occurred in these cases that you feel that you have a right to complain about.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And I'm going to ask you, do you -- if I follow these plea agreements, do you give up your rights to appeal?

THE DEFENDANT: (Inaudible.)

THE COURT: I can't hear you, man.

THE DEFENDANT: I do, Your Honor.

THE COURT: I'm going to show you what has been marked as State's 1, which is

the Court's notice to defendant of his rights, written admonishments, waiver of rights, judicial confession and plea agreement wherein all your rights are explained to you, the rights I have gone over with you here on the record. Everything that I've been explaining to you here are [sic] contained in this document.

When you sign this document, you're waiving your rights and, as you are in front of me right now, you are waiving your rights in return for this plea of guilty, in return for me finding you guilty of these charges and giving you the 20-year sentence.

Do you understand that?

THE DEFENDANT: Yes, sir.

None of the attorneys objected to the Court's statements or noted that the plea agreement did not include a waiver of Appellant's right to appeal rulings on pretrial motions. At the conclusion of the hearing, the judge accepted Appellant's pleas, found him guilty, and sentenced him to twenty years in prison. The judge then signed a certification of Appellant's right to appeal, reflecting that Appellant had "waived the right of appeal."

Appellant filed a *pro se* document requesting "assistance & counsel to properly prepare an appeal." In this document, Appellant asserted his innocence and claimed that counsel was ineffective. We asked counsel to submit letter briefs regarding Appellant's waiver of his appeal rights. In its brief, the public defender's office concluded that Appellant appeared to have voluntarily, knowingly, and intelligently waived his right to appeal. The district attorney's office concurred.

## DISCUSSION

A plea agreement is a contract between the state and the defendant. *Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009). Such an agreement may contain a wide variety of stipulations, including a stipulation that the defendant waives the right to appeal. *See id.* at 331-32; *Ex parte Delaney*, 207 S.W.3d 794, 798 (Tex. Crim. App. 2006). The only proper role for a trial

judge in the plea-bargaining process is to inform the defendant whether he will follow or reject the parties' agreement. *Moore*, 295 S.W.3d at 332. "Because a plea-bargain agreement is solely between the state and the defendant, only the state and the defendant may alter the terms of the agreement; the trial court commits error if it unilaterally adds un-negotiated terms to a plea-bargain agreement." *Id.*

A trial court must enter a "certification of the defendant's right of appeal" whenever it enters a judgment of conviction. TEX. R. APP. P. 25.2(a)(2). "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record . . . ." TEX. R. APP. P. 25.2(d). Generally, a plea-bargaining defendant who is sentenced in conformity with the plea agreement may appeal "matters that were raised by written motion filed and ruled on before trial" and matters that the trial court granted permission to appeal. TEX. R. APP. P. 25.2(a)(2).

In this case, the plea agreement did not include a waiver of the right to appeal. It included the language of Rule 25.2(a)(2), demonstrating that Appellant had a limited right to appeal the denial of his pretrial motions. Accordingly, the judge's initial comments in the above colloquy misstated the terms of the agreement and the applicable law.

After making the initial comments, the judge asked Appellant, "[I]f I follow these plea agreements, do you give up your rights to appeal?" This could be construed as a unilateral addition of an unnegotiated term to the plea agreement. However, a defendant must object when a judge injects himself into the plea-bargaining process or else the error is not preserved. *See Moore*, 295 S.W.3d at 333. Appellant's attorneys did not object to the judge's remarks.

A defendant may waive the right to appeal without a plea bargain if he knows what his sentence will be or if the State gave some other consideration for the waiver. *See Ex parte*

*Broadway*, 301 S.W.3d 694, 698-99 (Tex. Crim. App. 2009); *Ex parte Delaney*, 207 S.W.3d at 798. In this case, Appellant answered affirmatively when the judge asked whether he would give up the right to appeal if the judge sentenced him to twenty years in prison. The judge subsequently assessed a twenty-year sentence. Accordingly, there is nothing on the face of the record to demonstrate that Appellant's waiver was invalid, and Appellant's court-appointed counsel has not argued that the waiver was involuntary. Under these circumstances, we must dismiss the appeal on the basis of the trial court's certification that Appellant waived his right to appeal.[1]

## CONCLUSION

For the reasons stated above, the appeal is dismissed.

GUADALUPE RIVERA, Justice

February 23, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)

---

[1] Nothing stated herein precludes Appellant from seeking collateral relief.