IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0211-13






XAVIER POWELL, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


FORT BEND COUNTY





 Cochran, J., filed a statement concurring in the refusal of appellant's
petition in which Price, Johnson, and Hervey, JJ., joined.



 I agree with the Court's decision to refuse appellant's petition for discretionary
review. I write separately to explain why we may not review the trial judge's decision to
admit testimony concerning Deputy Pikett's dog-scent line-up. 

 Appellant was convicted of a "drive-by" killing after an earlier confrontation at a car
wash. (1) As an accomplice drove, appellant hung out the window of the car and fired multiple
shots from an automatic weapon at the victim's car. While conducting their investigation,
police found several shell casings and a white T-shirt near the scene. Believing that these
items belonged to the shooter, Deputy Keith Pikett conducted a "scent-lineup" using three
police-trained bloodhounds. (2) According to the dogs' reactions during the scent-lineup, the
T-shirt and spent shell casings belonged to appellant. 

 At trial, the primary evidence against appellant was the accomplice's testimony. The 
accomplice said that, on the day of the murder, appellant got into an altercation with the
victim, went home to get an assault rifle, and used the rifle to shoot and kill the victim later
that day. Significant evidence corroborated the accomplice's testimony, including testimony
from several eye-witnesses who saw a man matching appellant's description hanging out of
a car window shooting at another car. Another witness testified that he gave appellant a ride
home after the shooting and, during that ride, appellant told the witness that he had shot
someone. Finally, Deputy Pikett testified about his scent-lineup and how it was his expert
opinion that the items found at the scene belonged to appellant. 

 To be admissible, expert testimony must be reliable. (3) In Nenno v. State, (4) we held that
when considering the reliability of testimony "based primarily upon experience and training
as opposed to the scientific method," a court must consider whether (1) the field of expertise
is legitimate, (2) the subject matter of the expert's testimony is within the scope of the field,
and (3) the expert's testimony properly relies on or uses the principles involved in that
legitimate field. (5)

 In his petition to this Court, appellant claims that the reliability of this dog-scent
lineup evidence was not established because (1) no data established the accuracy of these
dogs (or of any dogs) in such scent line-up tests; (2) Deputy Pikett's method has not been
peer reviewed; and (3) there was no evidence that Deputy Pikett's method is reliable and
leads to consistent results. Essentially, appellant is arguing that the dog-scent line-up "field
of expertise" is not legitimate under the first prong of Nenno. Appellant makes a fair
argument, one that should be addressed. 

 However, in the court of appeals, appellant argued that the evidence was not reliable
because of the possibility that Deputy Pikett "subliminally cued" his dogs to alert when
presented with appellant's scent. This argument attacked the admissibility of the evidence
under the third prong of Nenno (6) and is a separate and distinct argument from what he argues
here. The court of appeals did not have the opportunity to address the question appellant
presents to us. Because we review only those issues that were properly preserved and raised
below, (7) we may not address appellant's issue and therefore must refuse his petition. (8) With
these brief comments, I concur with the Court's decision to refuse appellant's petition for
discretionary review. 

Filed: September 11, 2013

Do not publish




 
1. Powell v. State, No. 14-09-00398-CR, 2011 WL 1579734 (Tex. App.--Houston [14th Dist.]
April 21, 2011) (not designated for publication).
2. Deputy Pikett explained that he took the T-shirt and shell casings and had the bloodhounds
smell their scent. The dogs were then individually taken into a room with the scent of six different
men, including that of appellant and his accomplice. The theory is that the dogs will signal when a
sample person's scent matches the human scent on the crime-scene items, including shell casings
which presumably still smell of gunpowder. We have previously held that "dog-scent lineup"
evidence cannot support a conviction if it is the primary evidence against the defendant. Winfrey v.
State, 323 S.W.3d 875, 884 (Tex. Crim. App. 2010) ("[W]e conclude that scent-discrimination
lineups, when used alone or as primary evidence, are legally insufficient to support a conviction.").
3. See Tex. R. Evid. 702; Kelly v. State, 824 S.W.2d 568, 572 (Tex. Crim. App. 1992). 
4. 970 S.W.2d 549 (Tex. Crim. App. 1998). 
5. Id. at 561. 
6. See Powell, 2011 WL 1579734, at *2 n.2 ("We need not decide whether the field is a
legitimate area of expertise because appellant raises no issue on overall legitimacy of the field (the
first Nenno prong) and instead challenges only the trial court's finding on the third Nenno prong
relative to procedures employed in this particular case.").
7. See Tex. R. App. Proc. 33.1; Moore v. State, 295 S.W.3d 329, 333 (Tex. Crim. App. 2009)
("Preservation of error is a systemic requirement of every appeal. . . .The general rule provides that
complaints must be made in the 'trial court by a timely request, objection, or motion[.]'").
8. Even if we were to assume that the issue had been properly preserved and addressed below, 
the overwhelming strength of the remaining evidence rendered harmless any error in admitting
Deputy Pikett's testimony.