**AFFIRM; Opinion Filed June 16, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00924-CR

**RECHEAL DEQRNIQUE GARLOW, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F-1251482-H**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Brown
Opinion by Justice Brown

Recheal Garlow appeals the adjudication of her guilt for burglary of a habitation. In a single point of error, appellant contends her plea of true to the State's motion to adjudicate was involuntary. For reasons that follow, we affirm the trial court's judgment.

Appellant was indicted for the offense of burglary of a habitation committed in January 2012. On March 26, 2012, she entered an open plea of guilty and judicially confessed. The trial court deferred adjudication of guilt, placed appellant on community supervision for ten years, and assessed a $250 fine. During that proceeding, appellant also pleaded guilty to a 2011 burglary of a habitation. Appellant had been out on bond in that case when she committed the instant burglary. The trial court assessed punishment at five years' confinement in the 2011 case and later granted appellant shock probation and placed her on community supervision.

In March 2013, the State moved to proceed with an adjudication of guilt in this case, alleging that appellant violated various conditions of her community supervision by committing the offense of theft and by failing to pay court costs and fines, community supervision fees, a Crime Stoppers payment, a urinalysis fee, and restitution. On June 21, 2013, the trial court held a hearing to consider the new theft charge, the motion to adjudicate in this case, and a motion to revoke appellant's community supervision in the 2011 burglary case. The State and appellant had entered into plea agreements in all three cases. In the instant case, appellant agreed to plead true to the allegations in the motion to adjudicate and the State recommended a three-year sentence. The agreement stated that the prosecutor's recommendation as to punishment was not binding on the court and that appellant "will be permitted to withdraw [her] plea if the Court rejects any plea bargain made in this case."

At the hearing, the trial court informed appellant it was going to follow the plea agreement in the theft case and that she wouldn't have the right to appeal. Appellant stated she understood. On appellant's behalf, her attorney then entered a guilty plea to that charge and entered pleas of true in the two burglary cases. Appellant told the court that her pleas were made freely and voluntarily. Appellant's judicial confession and stipulation of evidence, in which she admitted violating the conditions of her community supervision, was admitted into evidence. The trial court found that appellant's pleas were freely and voluntarily made. The court sentenced appellant in accordance with the plea agreements in the theft case and in the 2011 burglary case. In the instant case, the trial court declined to follow the plea bargain and sentenced appellant to seven years' imprisonment. When the trial court asked if appellant had any questions, she asked, "So can I appeal the 7 years?" The court told her she had the right to appeal and stated, "[W]e spent a lot of time and energy and resources on you . . . the State can

make whatever plea bargain they want to, but she didn't know about your cases like I did. And I'm just not inclined to follow that because I know about you and your past."

In a single point of error, appellant contends her plea of true to the allegations in the motion to adjudicate was not voluntary. She maintains the trial court's rejection of the plea agreement rendered her plea involuntary. Appellant complains she did not have the opportunity to withdraw her plea of true or present mitigating punishment evidence.

In a proceeding to adjudicate guilt, unlike in a guilty plea case, the trial court is not required to allow a defendant to withdraw a negotiated plea of true even if the court does not follow the plea agreement. *Gutierrez v. State*, 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003). Appellant contends the plea agreement gave her the right to withdraw her plea if the court did not follow the agreement. However, neither she nor her attorney asked to withdraw the plea of true or raised any objection. Appellant raises this issue for the first time on appeal. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1. An exception exists only for absolute systemic requirements or nonwaivable rights. *Mendez v. State*, 138 S.W.3d 334, 350 (Tex. Crim. App. 2004). Failure to permit a defendant to withdraw a plea of true at an adjudication hearing is not such a requirement. *See id.*; *see also Moore v. State*, 295 S.W.3d 329, 333 (Tex. Crim. App. 2009) (defendant failed to preserve complaint he was not allowed to withdraw guilty plea where he did not move to withdraw plea). In her brief, appellant maintains she did not know the court was not going to follow the plea agreement until after it assessed punishment and thus she had no opportunity to withdraw her plea. We disagree. After the court assessed punishment, it asked appellant if she had any questions and gave her an opportunity to be heard. Further, appellant could have raised the issue in a motion for new trial. We overrule appellant's point of error.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130924F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RECHEAL DEQRNIQUE GARLOW,
Appellant

No. 05-13-00924-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F-1251482-H.
Opinion delivered by Justice Brown.
Justices Lang and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 16th day of June, 2014.

/Ada Brown/

ADA BROWN
JUSTICE