

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00362-CR

---

JESUS A. PERALES                                                      APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1440835D

----------

## MEMORANDUM OPINION[1]

----------

On August 29, 2016, as part of a plea-bargain agreement, appellant Jesus A. Perales pleaded guilty to the third-degree felony offense of evading arrest or detention, which was enhanced to a second-degree felony for punishment purposes by his plea of true to an enhancement paragraph. Tex. Penal Code Ann. §§ 12.42(a), 38.04(a), (b)(2)(A) (West Supp. 2016). In accordance with the

---

[1]*See* Tex. R. App. P. 47.4.

agreement, the trial court sentenced Appellant to twelve years' confinement.[2] The trial court certified that Appellant had no right to appeal because the imposed sentence comported with the plea-bargain agreement and that Appellant had affirmatively waived his right to appeal as part of his guilty plea. *See* Tex. R. App. P. 25.2(a)(2); *see also* Tex. Code Crim. Proc. Ann. art. 1.14 (West 2005).

On September 16, Appellant filed a pro se notice of appeal in the trial court. *See* Tex. R. App. P. 26.2(a). On September 22, Appellant's counsel filed a motion for new trial in which he acknowledged the "legal basis" for a new trial "might well be thin" and conceded that Appellant pleaded guilty under a plea-bargain agreement, was sentenced pursuant to the agreement, waived his right

---

[2]The plea-bargain agreement was conditioned on Appellant committing no new offense before the sentencing hearing. If Appellant did not commit a new offense, the State agreed to a twelve-year sentence and to waive a second enhancement paragraph. If Appellant had committed a new offense and persisted in pleading guilty, the plea would have been an open plea to the court. But because Appellant did not commit a new offense before the sentencing hearing, the trial court accepted Appellant's guilty plea, adjudged Appellant guilty of the offense, and sentenced Appellant in accordance with the State and Appellant's agreement. This was a "split" agreement, but did not render Appellant's plea one that was not entered under a plea-bargain agreement. *See Rogers v. State*, No. 02-10-00363-CR, 2011 WL 2651917, at *1 n.2 (Tex. App.—Fort Worth July 7, 2011, no pet.) (mem. op., not designated for publication) (explaining "split" agreement); *see also Moore v. State*, 295 S.W.3d 329, 332 (Tex. Crim. App. 2009) ("A trial court may conditionally agree to follow a plea-bargain agreement, but only by delaying the unconditional acceptance or rejection of the agreement until after the condition of acceptance has been fulfilled.")

2

to appeal, and, therefore, was not entitled to an appeal.[3]  On September 28, we notified Appellant's trial counsel and Appellant that Appellant had filed a pro se notice of appeal, that the trial court had certified that he had no right to appeal and had waived his right to appeal, and that we would dismiss the appeal unless Appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal no later than October 10.  *See* Tex. R. App. P. 25.2(d), 26.2(a), 44.3.  Neither Appellant nor his counsel responded.

The record before this court does not show that Appellant's sentence exceeded the State's recommendation, that Appellant desires to appeal a matter that was raised by written motion filed and ruled on before trial, that the trial court granted Appellant permission to appeal, or that Appellant's waiver was involuntary, unknowing, or unintelligently made.  *See* Tex. Code Crim. Proc. Ann. art. 44.02; Tex. R. App. P. 25.2(a)(2); *Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009).  Thus, in accordance with the trial court's certification and Appellant's express waiver of his right to appeal, we dismiss the appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

---

[3]This motion was deemed denied.  *See* Tex. R. App. P. 21.8(c).

3

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 17, 2016