

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,356-01

### EX PARTE MATTHEW SMITH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 20150D03146-210-1 IN THE 210th DISTRICT COURT FROM EL PASO COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to ten years' imprisonment. He did not appeal his conviction.

Applicant contends that he was "forced and coerced" into pleading guilty in exchange for a ten year sentence in this case due to the trial court improperly inserting itself into the plea bargaining process. Specifically, Applicant contends that the trial court threatened him with a life sentence, and the ten year offer was made by the trial court and not the State. Applicant also contends that his trial counsel rendered ineffective assistance because he failed to investigate and, after advising Applicant

to reject an eight year plea offer from the State because he could win at trial, he advised Applicant to accept a ten year offer from the trial court.

Applicant has alleged facts that, if true, might entitle him to relief. *See Moore v. State*, 295 S.W.3d 329 (Tex. Crim. App. 2009). *See also Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether it improperly interfered with the plea bargaining process. The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must

be requested by the trial court and shall be obtained from this Court.

Filed: March 1, 2017
Do not publish