**DISMISS; and Opinion Filed March 19, 2019.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00012-CR

**CHRISTOPHER MARK REDDEN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F17-45666-M**

# MEMORANDUM OPINION

Before Justices Brown, Schenck, and Pedersen, III
Opinion by Justice Schenck

Christopher Mark Redden appeals his conviction for driving while intoxicated. On November 30, 2018, appellant entered into a plea agreement with the State in which the State agreed to drop the first, second, and third enhancement paragraphs in the indictment in exchange for appellant pleading guilty. That same day, the trial court found appellant guilty, assessed punishment at three years in prison, and signed a certification of appellant's right to appeal stating this is a plea-bargain case and appellant has no right to appeal. Appellant then filed a timely notice of appeal.

The clerk's record, filed January 30, 2019, contains the trial court's November 30th certification of appellant's right to appeal which states appellant has no right to appeal. In light of this, we requested jurisdictional letter briefs from the parties. The parties did not respond.

A defendant in a criminal case has the right of appeal as set out in the code of criminal procedure and the rules of appellate procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (2018); TEX. R. APP. P. 25.2(a). Rule 25.2 provides that in "a plea-bargain case," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," or "after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). A plea bargain is a preconviction agreement between the State and a defendant in which the defendant agrees to plead guilty or nolo contendere in exchange for a concession by the State (e.g., a reduction in the charge, a promise of sentencing leniency, or a promise of a recommendation from the prosecutor to the trial judge as to punishment). *Ex parte Cox*, 482 S.W.3d 112, 116 (Tex. Crim. App. 2016). Once a defendant and the State enter into a plea bargain, "only the [S]tate and the defendant may alter the terms of the agreement." *Moore v. State*, 295 S.W.3d 329, 331–32 (Tex. Crim. App. 2009). The trial court's only role in the plea bargain process is to advise the defendant whether it will accept or reject the plea bargain. *Id*. at 332.

Here, the record shows appellant, who was represented by counsel, entered into a plea agreement with the State. The plea agreement was signed by appellant, his trial counsel, the district attorney, and the trial court. By entering the plea agreement, both parties agreed to abide by its terms, and the trial court's only role was to advise appellant whether it would accept or reject the plea. *See Moore*, 295 S.W.3d at 332. The record also reflects there were no written motions ruled on before trial. On November 30, 2018, the trial court followed the plea bargain agreement, found appellant guilty, and assessed punishment that conformed to the agreement. Because the record supports the November 30, 2018 certification of appellant's right to appeal, we conclude we lack jurisdiction over this appeal. *See Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014) (when appellant waives right to appeal as part of plea bargain agreement with State,

subsequent notice of appeal filed by him fails to "initiate the appellate process" and deprives appellate court of jurisdiction over appeal).

We dismiss this appeal for want of jurisdiction.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

190012F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CHRISTOPHER MARK REDDEN, Appellant

No. 05-19-00012-CR　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F17-45666-M.
Opinion delivered by Justice Schenck. Justices Brown and Pedersen, III participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 19th day of March, 2019.