**Affirmed and Majority and Concurring Opinions filed April 16, 2019.**



In the

# Fourteenth Court of Appeals

## NO. 14-17-00717-CV

## POLARIS GUIDANCE SYSTEMS, LLC, Appellant

## V.

## EOG RESOURCES, INC., Appellee

**On Appeal from the 189th District Court
Harris County, Texas
Trial Court Cause No. 2016-29381**

## C O N C U R R I N G   O P I N I O N

This is an appeal from a summary judgment. Both the civil and appellate rules require preservation. Tex. R. Civ. P. 166a(c); Tex. R. App. P. 33.1. Preservation is not optional, and rule 166a(c) is particularly clear: "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."

The court-of-appeals opinion must discuss preservation if the complaint for appellate review was not made to the trial court. The court must hold the issue was

waived unless the error is fundamental (civil) or systemic (criminal). An opinion that directly addresses the merits of an issue implies the issue was preserved. If an appellee presents a nonfrivolous issue that the appellant has not preserved a waivable complaint for appellate review, then the court should in its opinion address the waiver issue and conclude there was no waiver before reaching the merits. Only then will the parties know the court follows the rules. *See* Tex. R. App. P. 47.1.

The court of criminal appeals has described preservation of error succinctly: "Preservation of error is a systematic requirement of every appeal." *Moore v. State*, 295 S.W.3d 329, 333 (Tex. Crim. App. 2009). The job of the court of appeals is to review the trial court's judgment for (1) fundamental or systemic error and (2) reversible error as preserved in the trial court and raised on appeal by an appellant. The job of the court of appeals is not to "fix things."

If an appellant in a criminal appeal must follow the rule, when the appellant's interest in liberty and perhaps life are at stake, then why is waiver optional in a civil case? The rules do not provide that option, and rightfully so. How does the trial court commit reversible error when no party makes a complaint to the trial court at a time when the trial court can "fix it"?

In this case, the appellee raised waiver. Because the majority reaches the merits without addressing the appellee's waiver issue, I concur in the judgment.


/s/     Charles A. Spain
        Justice


Panel consists of Justices Jewell, Zimmerer, and Spain. Spain, J., concurring.

2