**Dismiss and Opinion Filed March 6, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01379-CR
### No. 05-19-01380-CR

## ROBERTO VASQUEZ, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. F19-30958-H & F19-30959-H**

## MEMORANDUM OPINION

Before Justices Bridges, Molberg, and Carlyle
Opinion by Justice Molberg

Appellant was indicted for fraudulent use or possession of ten or more but less than fifty identifying information items and unlawful use of a criminal instrument. He pleaded guilty to each offense in exchange for the State dropping enhancement paragraphs alleging a prior felony offense. The trial court found the evidence sufficient to support a finding of guilt in each case but deferred adjudication of guilt and placed appellant on community supervision for two years, as agreed to by appellant and the State. The trial court certified these were plea bargain cases and that appellant had no right of appeal. Appellant then filed these appeals.

A plea bargain is a contract between the State and the defendant. *Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009). Once a plea agreement is finalized, the trial court must approve the terms; at that point, the State and the defendant are entitled to the benefit of the bargain. *State v. Moore*, 240 S.W.3d 248, 251 (Tex. Crim. App. 2007). In a plea bargain case like these, a defendant may appeal only (1) those matters that were raised by written motion filed and ruled on before trial or (2) after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2); *see* TEX. CODE CRIM. PROC. art. 44.02.

Here, appellant agreed to plead guilty to fraudulent use or possession of ten or more but less than fifty identifying information items (a second degree felony) and unlawful use of criminal instrument (a third degree felony) in exchange for the State dropping the enhancement paragraphs which would have elevated the punishment range for the offenses to those of a first and second degree felony, respectively. In addition, the State recommended appellant be placed on deferred adjudication probation for two years, and the trial court followed the plea bargain terms. The record supports the trial court's certification that the cases were plea bargains and appellant has no right to appeal.

We dismiss these appeals.

/Ken Molberg//

KEN MOLBERG
JUSTICE

191379f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

–2–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERTO VASQUEZ, Appellant

No. 05-19-01379-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F19-30958-H.
Opinion delivered by Justice Molberg, Justices Bridges and Carlyle participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.


Judgment entered this 6th day of March, 2020.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ROBERTO VASQUEZ, Appellant

No. 05-19-01380-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F19-30959-H.
Opinion delivered by Justice Molberg, Justices Bridges and Carlyle participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.


Judgment entered this 6th day of March, 2020.