

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00076-CR

_____

CASEY AUSTIN HOLLOWAY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 33536CR

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Casey Austin Holloway pled guilty to the offense of continuous sexual abuse of a child in exchange for the State's agreement to forego prosecution on two other counts of continuous sexual abuse of a child. As a result, the trial court convicted Holloway of one count of continuous sexual abuse of a child, dismissed the State's two other counts, and after a sentencing hearing, sentenced Holloway to life imprisonment.[1] The trial court's certification of Holloway's right to appeal confirmed that the case involved a plea agreement but granted Holloway a limited right to appeal his sentencing. Because Holloway's points of error on appeal do not involve sentencing matters, we dismiss this appeal for want of jurisdiction.

"At its core, a plea bargain is a contract between the state and the defendant." *Thomas v. State*, 516 S.W.3d 498, 501–02 (Tex. Crim. App. 2017) (quoting *Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009)). "Charge bargaining . . . involves questions of whether a defendant 'will plead guilty to the offense that has been alleged . . . , and of whether the prosecutor will dismiss, or refrain from bringing, other charges.'" *Id.* at 502 (quoting *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003)). Holloway's agreement with the State is a classic example of a charge bargain, which qualifies as a plea bargain subject to Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 25.2(a)(2); *Kennedy v. State*, 297 S.W.3d 338, 340–42 (Tex. Crim. App. 2009); *Shankle*, 119 S.W.3d at 813.

Rule 25.2 of the Texas Rules of Appellate Procedure governs the perfection of appeals in criminal cases. *See* TEX. R. APP. P. 25.2. The Rule provides:

In a plea bargain case . . . a defendant may appeal only:

---

[1]Before his plea, Holloway expressly acknowledged that the trial court could sentence him to life imprisonment.

2

(A)     those matters that were raised by written motion filed and ruled on before trial,

(B)     after getting the trial court's permission to appeal, or

(C)     where the specific appeal is expressly authorized by statute.

Tex. R. App. P. 25.2(a)(2).

Holloway's points of error on appeal question the voluntariness of his bargained-for plea of guilt. Because his complaint on appeal was not raised by pretrial motion and no statute expressly authorizes his specific appeal, Holloway was required to get the trial court's permission to appeal. *See id.* The trial court's certification says the case "is a plea bargain case," but that Holloway "has the right of appeal[] ON SENTENCING." Consequently, the trial court did not give Holloway permission to appeal the voluntariness of his pleas.

Because of Holloway's specific plea agreement with the State, he does not have the trial court's permission to raise the issues addressed in his appellate brief. Simply put, Holloway has no right of appeal on guilt/innocence. *See* Tex. R. App. P. 25.2(a)(2); Tex. Code Crim. Proc. Ann. art. 44.02; *Shankle*, 119 S.W.3d at 813–14. As a result, we dismiss Holloway's appeal for want of jurisdiction.

Josh R. Morriss, III
Chief Justice

Date Submitted:     November 10, 2022
Date Decided:     November 14, 2022

Do Not Publish

3