

# NUMBER 13-21-00393-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**KIMBERLY JORDAN SOSA,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On appeal from the 25th District Court
### of Lavaca County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Longoria**

Appellant Kimberly Jordan Sosa challenges the trial court's revocation of her community supervision, arguing that the "underlying judgment did not comport with the plea bargain." We affirm.

# I.    BACKGROUND[1]

Sosa was indicted for assault of a public servant, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(1). Sosa pleaded guilty to the offense, and in exchange for the plea, the State recommended five years' incarceration to be probated for five years and a fine of $500. The trial court stated:

> I'm not a party to that agreement. I don't have to go along with it. If I do go along with it, you will not be allowed to appeal. If I don't go along with it, I will allow you to withdraw the guilty plea which I anticipate receiving from you momentarily and we can have that jury trial we talked about.

The trial court subsequently accepted Sosa's plea of guilty, but stated it "will not make a determination of guilt at this time." The trial court then ordered a presentence investigation report to be prepared and set a date for sentencing. On September 12, 2018, a sentencing hearing was held, during which the trial court deferred a finding of guilt for a period of five years, and placed Sosa on community supervision. At the conclusion of the hearing, the trial court stated: "Ms. Sosa, you understand that if you violate the terms [and] conditions of probation, since I made this a deferred, that that five-year cap is off, [and] I'll have the full range of punishment available to me." Sosa confirmed her understanding without objection.

In August 2019, the State filed a motion to adjudicate Sosa guilty, alleging six violations of the terms of Sosa's community supervision. The State filed an amended motion to adjudicate guilt in October 2021, alleging seven violations of the terms of Sosa's community supervision. On October 21, 2021, at the motion to revoke hearing, Sosa pled

---

[1] The State did not file a brief to assist in the resolution of this appeal.

2

true to five of the violation allegations, and the State abandoned the remaining two allegations. The trial court found that Sosa violated the terms and conditions of her community service, revoked her community supervision, adjudicated her guilty of the offense of assault of a public servant, and sentenced her to six years in the Texas Department of Criminal Justice, Institutional Division. This appeal followed.

## II.    PRESERVATION OF ERROR

By her sole issue on appeal, Sosa contends that the underlying judgment deferring the finding of guilt and placing her on probation is void because it did "not comport with the plea bargain and [she] was not afforded the opportunity to withdraw her plea."

If a trial court rejects a plea-bargain agreement, the defendant is, as a matter of right, allowed to withdraw her guilty plea, and the State may then withdraw its offer. *See Salazar v. State*, 630 S.W.3d 151, 155–56 (Tex. App.—Eastland 2020, no pet.). Sosa argues that she entered her plea of guilty in exchange for a sentence of five years' incarceration to be probated for five years, and while the trial court indicated it was accepting the agreement, the trial court instead deferred adjudication of guilt and placed Sosa on community supervision for five years. Sosa, however, did not raise any objection to the trial court's imposition of the terms of her plea agreement. *See* TEX. R. APP. P. 33.1; *Moore v. State*, 295 S.W.3d 329, 333 (Tex. Crim. App. 2009). Even if we conclude the terms the trial court imposed were improper, Sosa agreed to the terms placed on her by the court and, at sentencing, she did not move to withdraw her guilty plea. *See Moore*, 295 S.W.3d at 333; *see also Cotton v. State*, No. 13-13-00012-CR, 2014 WL 3724419, at *3 (Tex. App.—Corpus Christi–Edinburg July 24, 2014, no pet.) (mem. op., not

3

designated for publication) ("The trial court warned Cotton that a sentence of up to twenty years confinement could be imposed on him upon violation of the terms of deferred adjudication, and Cotton accepted the terms. With this in mind, Cotton cannot now challenge the sentence he received after adjudication.").

Sosa argues that the error presented is systemic and may be raised for the first time on appeal. *See Bessey v. State*, 239 S.W.3d 809, 813 (Tex. Crim. App. 2007) (explaining that errors may be asserted for the first time on appeal if "the complaint is that the trial court disregarded an absolute or systemic requirement or that the appellant was denied a waivable-only right that he did not waive"). However, the error in this case does not involve the admonishment requirements involved in *Bessey*. Instead the error arises from the trial court's alleged improper intrusion into the plea-bargaining process. The error at issue is not systemic and may not be brought for the first time on appeal. *Moore*, 295 S.W.3d at 333 ("This court has not held that a trial court's intrusion in plea-bargain negotiations is systemic or waivable-only error and declines to make such a determination now."); *cf Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999) ("[R]egardless of whether the deferred adjudication was part of a plea bargain, recommended by the prosecution, imposed by the trial court without objection by the appellant, or granted under other circumstances, once the trial court proceeds to adjudication, it is restricted in the sentence it imposes only by the relevant statutory limits."). By failing to object that the trial court's conditions were improper, Sosa failed to preserve error. *Id.*

We overrule Sosa's sole issue.

### III. CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
6th day of April, 2023.