**AFFIRMED and Opinion Filed April 4, 2024**



**In the**

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00194-CR**

**PAUL ANTHONY PATRICK COX, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F19-21092-Y**

## MEMORANDUM OPINION

Before Justices Reichek, Carlyle, and Miskel
Opinion by Justice Carlyle

Paul Anthony Patrick Cox appeals from his conviction for aggravated robbery.

We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Rin Jeon testified that she worked behind the register at her parents' donut shop. On Easter morning in 2019, she noticed a man outside the shop who appeared to be waiting for other customers to leave. As soon as the shop was empty, the man entered and ordered donuts. Ms. Jeon turned around to fulfill the order, and when she turned back, the man was pointing a gun at her and demanding money. Ms. Jeon could not get the cash register to open. The robber raised his voice, which drew Ms.

Jeon's mother out from the kitchen. The robber knocked Ms. Jeon's mother to the floor and fired two shots—one that hit the floor and another that hit the wall behind the register. Ms. Jeon's father then came out from the kitchen.

Ms. Jeon tried to call 911, but the robber took her phone. Ms. Jeon never managed to open the register, and the robber eventually left without taking any money. As the robber left, Ms. Jeon and her father followed him outside and noticed that he drove off in a dark Mustang. Another witness outside the donut shop reported seeing a blue Mustang traveling south on Meadows Parkway after the robbery. Surveillance footage taken from a house on Meadows Parkway captured footage of a blue Mustang driving during the relevant timeframe, and police eventually recovered Ms. Jeon's cell phone at an intersection along Meadows Parkway a few miles from the donut shop.

When police arrived at the scene, Ms. Jeon informed them that the robber was a "very short" black man with a distinct voice and facial hair that looked like it had been growing out for three or four days. Based on Ms. Jeon's description, police identified Mr. Cox as a potential suspect. They noticed that Mr. Cox had an outstanding arrest warrant, so they decided to bring him in.

When they went to the apartment where they believed Mr. Cox resided, Ladrina Medlin—the mother of one of Mr. Cox's children—told officers that Mr. Cox was not there. The officers surveilled the apartment, and within a few hours, they spotted Mr. Cox leaving in a blue Mustang that belonged to Ms. Medlin. They

pulled him over, took him into custody on the outstanding warrant, and continued their investigation into the robbery.

As part of that investigation, they conducted a photo lineup with Ms. Jeon and her parents. Ms. Jeon thought two of the men in the lineup could possibly be the robber, and one of the men she identified was Mr. Cox. Ms. Jeon's father more definitively identified Mr. Cox, telling officers: "That's absolutely him if he's short."

Police executed a search warrant on Ms. Medlin's apartment and found a backpack with a handgun and a bible inscribed with Mr. Cox's name. A forensic firearms examiner determined that the handgun matched two fired cartridge casings recovered from the donut shop.

The grand jury indicted Mr. Cox for aggravated robbery, and Mr. Cox entered a not-guilty plea. Following a trial, the jury convicted Mr. Cox and set his punishment at sixty years' confinement. The trial court sentenced Mr. Cox consistent with the jury's verdict, and Mr. Cox appeals.

Mr. Cox first contends the evidence does not sufficiently establish his identity as the robber. We review evidentiary sufficiency under the familiar *Jackson v. Virginia*[1] standard, viewing all evidence in the light most favorable to the verdict to determine whether the factfinder could rationally find guilt beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

---

[1] 443 U.S. 307 (1979).

At trial, Ms. Jeon identified Mr. Cox as the man who robbed her. And the jury heard evidence of the photo lineup in which Ms. Jeon's father definitively identified Mr. Cox as the robber while Ms. Jeon identified Mr. Cox as one of two potential suspects. The evidence at trial established that, immediately before his arrest, police spotted Mr. Cox fleeing an apartment at which they later recovered a handgun linked to the robbery in a backpack with another item bearing his name. The blue Mustang Mr. Cox drove as he left the apartment matched the description of the car the robber used to flee the donut shop and appeared to match the car captured on surveillance footage in the vicinity of the donut shop during the relevant timeframe. This is ample evidence from which the jury could conclude beyond a reasonable doubt that Mr. Cox was the robber.

Mr. Cox nevertheless contends there is insufficient evidence of identity because there was no fingerprint or DNA evidence linking him to either the donut shop or the gun, no video evidence showing him robbing the shop or driving the Mustang that fled the scene, and no eyewitness testimony concerning specific identifying characteristics such as his exact height, skin pigmentation, the shoes he wore, or the manner in which he walked. Although such evidence may have further established his identity as the robber, it was not necessary. *See Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986) ("Evidence as to the identity of the perpetrator of an offense can be proved by direct or circumstantial evidence."); *Giles v. State*, No. 05-18-00865-CR, 2019 WL 6486257, at *2 (Tex. App.—Dallas Dec. 3, 2019,

pet. ref'd) (mem. op., not designated for publication) (noting that "physical evidence is not required to establish identity").

We likewise reject Mr. Cox's arguments based on testimony from defense witnesses that he contends establish doubt as to whether he drove a different car on the day of the robbery or had thicker facial hair than Ms. Jeon described to police. The "jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The jury was free to reject Mr. Cox's testimony about the thickness of his facial hair at the time of the robbery. The jury was likewise free to reject testimony from another woman with whom Mr. Cox had a child stating that she saw Mr. Cox driving a Lincoln Town Car later in the day after the robbery. But even if the jury had credited such testimony, it would not prevent a finding of identity beyond a reasonable doubt. The jury could rationally conclude both that Mr. Cox switched cars after the robbery and that Ms. Jeon's estimate as to how long Mr. Cox's facial hair had been growing was neither a critical factor in his identification nor an estimate that one would expect Ms. Jeon to make with precision.

Mr. Cox next argues that by refusing to allow him to change his mind and accept the State's final pre-trial plea offer after the jury had already been sworn, the trial court reversibly "erred by participating in the plea bargain process." Mr. Cox did not preserve this issue for our review by making a timely objection to the trial court's purportedly improper participation. TEX. R. APP. P. 33.1; *Hallmark v. State*,

541 S.W.3d 167, 170 (Tex. Crim. App. 2017) (citing *Moore v. State*, 295 S.W.3d 329, 333 (Tex. Crim. App. 2009)).

We affirm the trial court's judgment.


<table>
<tr><td></td><td>/Cory L. Carlyle/</td></tr>
</table>

230194f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

PAUL ANTHONY PATRICK COX,
Appellant

No. 05-23-00194-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 7, Dallas County, Texas
Trial Court Cause No. F19-21092-Y.
Opinion delivered by Justice Carlyle.
Justices Reichek and Miskel
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 4th day of April, 2024.