DISMISS and Opinion Filed October 16, 2018



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00667-CR

**ANTONYO LAMARONEAL WRIGHT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. MA17-11858-A**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Francis

Antonyo Lamaroneal Wright appeals his conviction for assault. On March 12, 2018, appellant entered into a plea agreement with the State which included waiving his right to appeal. That same day, appellant pleaded nolo contendere. The trial court found appellant guilty, assessing punishment at 365 days confinement and a $200 fine, each probated for 18 months, and prepared and signed a certification of appellant's right to appeal, stating this was a "plea-bargain case" and appellant had no right to appeal.

Appellant then filed a motion for new trial. He alleged, among other things, ineffective assistance of counsel. The trial court held a hearing after which it denied appellant's motion. Appellant subsequently filed a timely notice of appeal. The clerk's record, filed June 8, 2018, contains the trial court's March 12th certification of appellant's right to appeal which states

appellant has no right to appeal. In light of this, we requested jurisdictional letter briefs from the parties.

In his letter brief to this Court, appellant argues that this Court has jurisdiction because, on June 25, 2018, the trial court prepared and signed a second certification of appellant's right to appeal which states appellant has the "right of appeal from the [trial court's] denial of Defendant's Motion for New Trial." Although this document is not in a supplemental clerk's record, appellant attached a copy to his letter brief.

In response, the State filed its jurisdictional brief stating the appeal should be dismissed because (1) an order denying a motion for new trial is not an appealable order independent of the judgment of conviction, and (2) appellant waived his right to appeal under the plea agreement with the State, notwithstanding the trial court's second certification of appellant's right to appeal. After reviewing the letter briefs and the record, we conclude we lack jurisdiction over this appeal.

A defendant in a criminal case has the right of appeal as set out in the code of criminal procedure and the rules of appellate procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018); TEX. R. APP. P. 25.2(a). In criminal cases, unless expressly authorized by statute, appellate courts only have jurisdiction to review a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2); *see* TEX. CODE CRIM. PROC. art. 44.02 ("A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed...."); *Abbott v. State*, 271 S.W.3d 694, 696–07 (Tex. Crim. App.2008) (standard for determining jurisdiction is not whether appeal is precluded by law but whether appeal is authorized by law). Rule 25.2 provides that in "a plea-bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," or "after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2).

–2–

The denial of a motion for new trial, regardless of the ground or grounds raised in the motion, may not be appealed in a plea bargained case without the trial court's permission. TEX. R. APP. P. 25.2(a)(2); *see Estrada v. State*, 149 S.W.3d 280, 285 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd).

A trial court's certification stating the trial court gave permission to appeal must be true and supported by the record. *See Dears v. State*, 154 S.W.3d 610, 613–15 (Tex. Crim. App. 2005); *Waters v. State*, 124 S.W.3d 825, 826 (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd). An appellate court is obligated to compare the trial court's certification with the appellate record "to ascertain whether a certification is defective and act accordingly." *Marsh v. State*, 444 S.W.3d 654, 659 (Tex. Crim. App. 2014). A plea bargain is a preconviction agreement between the State and a defendant in which the defendant agrees to plead guilty or nolo contendere in exchange for a concession by the State (e.g., a reduction in the charge, a promise of sentencing leniency, or a promise of a recommendation from the prosecutor to the trial judge as to punishment). *Ex parte Cox*, 482 S.W.3d 112, 116 (Tex. Crim. App. 2016). Under Texas appellate rules, a defendant who enters into a plea bargain also waives his right to appeal. *Id.* at 117. Once a defendant and the State enter into a plea bargain, "only the [S]tate and the defendant may alter the terms of the agreement." *Moore v. State*, 295 S.W.3d 329, 331–32 (Tex. Crim. App. 2009). The trial court's only role in the plea bargain process is to advise the defendant whether it will accept or reject the plea bargain. *Id.* at 332.

Here, the record shows appellant, who was represented by counsel, entered into a plea agreement with the State. Under its terms, appellant agreed to plead nolo contendere and "expressly, voluntarily, knowingly, and intelligently" gave up and waived his right to appeal in exchange for the State's recommendation he receive probation for eighteen months. The plea agreement was signed by appellant, his trial counsel, the district attorney, and the trial court. By

entering the plea agreement, both parties agreed to abide by its terms, and the trial court's only role was to advise appellant whether it would accept or reject the plea. *See Moore*, 295 S.W.3d at 332. On March 12, 2018, the trial court followed the plea bargain agreement, found appellant guilty, and assessed punishment that conformed to the agreement. Furthermore, although the trial court held a hearing on the motion for new trial, our review of that record shows the State did not agree to alter the terms of the plea bargain agreement by allowing appellant to appeal the ruling on the motion for new trial. Because the record supports the March 12, 2018 certification of appellant's right to appeal, we conclude the trial court erred by preparing its June 25, 2018 certification to the contrary.

Appellant waived his right to appeal. Therefore, his June 5th notice of appeal is ineffective to initiate the appellate process, and we lack jurisdiction over this appeal. *See Lundgren v. State*, 434 S.W.3d 594, 599, 600 (Tex. Crim. App. 2014) (when appellant waives right to appeal as part of plea bargain agreement with State, subsequent notice of appeal filed by him fails to "initiate the appellate process" and deprives appellate court of jurisdiction over appeal).

We dismiss this appeal for want of jurisdiction.


/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180667F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTONYO LAMARONEAL WRIGHT, Appellant

No. 05-18-00667-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 1, Dallas County, Texas
Trial Court Cause No. MA17-11858-A.
Opinion delivered by Justice Francis, Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered October 16, 2018.