

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0160-24

### THE STATE OF TEXAS

### v.

### SANITHA LASHAY HATTER, Appellee

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FOURTEENTH COURT OF APPEALS HARRIS COUNTY

**NEWELL, J., delivered the opinion for a unanimous Court.**

## OPINION

This case is about a plea bargain offer that Appellee never accepted. The State offered to dismiss a felony assault in exchange for Appellee's plea of guilty to two misdemeanor DWI charges. But Appellee never agreed to plead guilty to the two DWI charges. The State dismissed the felony and DWI

charges but subsequently refiled the felony under a new cause number. In a motion for specific performance, Appellee sought to enforce the dismissal of the refiled felony. Appellee alleged that when the prosecutor dismissed the felony charge, he promised not to refile it despite language in the State's motion to dismiss indicating that the State reserved the right to refile. Under these circumstances, the trial court erred to grant Appellee's motion to dismiss the felony charge with prejudice because no enforceable plea agreement existed. Therefore, we will reverse the court of appeals.

## Background

The State charged Appellee with the felony offense of assault of a peace officer.[1] During plea negotiations, the State offered to dismiss the felony charge if Appellee agreed to plead guilty to one DWI charge arising out of the same incident as well as another DWI that Appellee committed after the first. Appellee's attorney in the felony case sought to accept the offer, but Appellee was represented by a different attorney in the DWI cases. Appellee never agreed to plead guilty to the two DWI charges in exchange for the dismissal of the felony charge.

Subsequently, however, the State filed a single-page form motion to dismiss the felony.

---

[1] Tex. Penal Code Ann. § 22.01(b-2).

Filed 20 January 22 A10:57
Marilyn Burgess - District Clerk
Harris County

MOTION FILED OFF-DOCKET

CAUSE NO. 162243301010

Pgs-1

DIDISM
(996)

| THE STATE OF TEXAS | § | IN THE 230TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| HATTER, SANITHA LASHAY | § | HARRIS COUNTY, TEXAS |

OFFENSE: ASSAULT PEACE OFFICER

## MOTION TO DISMISS

The State respectfully requests the Court to dismiss the above entitled and numbered criminal action for the following reason(s):

☐ Case refiled as Cause No. .
☐ Defendant was convicted in another case: Cause No. .
☐ Missing witness.
☐ Request of complaining witness.
☐ Dispositive motion granted.
☐ Probable cause exists, but case cannot be proven beyond a reasonable doubt at this time.
☐ In custody elsewhere – will not be extradited to Harris County.
☐ Due to passage of time, defendant not likely to be located or, if arrested, successfully prosecuted.
☐ No probable cause exists at this time to believe the defendant committed the offense.
☒ Other (explanation required)

EXPLANATION: State reserves right to refile

WHEREFORE, PREMISES CONSIDERED, it is requested that the above entitled and numbered cause be dismissed.

Respectfully submitted,

O'DONNELL, JAMES
Assistant District Attorney
Harris County District Attorney's Office
TBC No. 24079073
ODONNELL_JAMES@DAO.HCTX.NET

## ORDER AND NOTICE

The foregoing motion having been presented to me on this the January 22, 2020, and the same having been considered, it is, therefore, ORDERED, ADJUDGED and DECREED that said above entitled and numbered cause be and the same is hereby dismissed.

| NOTICE: | Pursuant to Article 38.50(d) of the Code of Criminal Procedure, the Court is notifying you that any toxicological evidence collected in your case pursuant to an investigation or prosecution of an offense under Chapter 49 of the Penal Code does not have to be retained or preserved and may be destroyed pursuant to the authority of Article 38.50(c)(3) and (e) if your indictment or information has been dismissed with prejudice. |

SIGNED AND ENTERED on January 22, 2020.

Judge Presiding
Harris County 230th District Court
Harris County, Texas

53

As shown above, the pre-printed motion to dismiss contained several boxes that could be marked to indicate the reason for dismissal. The State marked the option "[o]ther (explanation required)" and next to "explanation:" the motion stated, "State reserves the right to refile."  The trial court granted the

motion and signed the order dismissing the case. Approximately two months later, the State refiled the felony assault under a new cause number.

Appellee filed a motion for specific performance seeking to enforce the dismissal. In the motion, Appellee asserted that the prosecutor had not only agreed to dismiss the offense, but he had also promised not to refile the case.[2] In a brief in support, Appellee argued that due process compelled specific performance of the State's promise not to refile the case after the dismissal. Appellee also argued that the prosecutor's promise not to refile constituted a contract, which the State breached. Appellee's counsel filed an unsworn affidavit in support of the motion, which provided the following pertinent information:

- The Assault of a Public Servant[3] in cause number 1622433 arose out of the same transaction as a misdemeanor Driving While Intoxicated charge in cause number 2248201. Counsel was appointed to represent Appellee in the felony assault case. Appellee subsequently was arrested and charged with another DWI.

- The offer from the State was that in exchange for a plea of guilty in the DWI cases, the felony assault case would be dismissed. However, another attorney represented Appellee on the DWI charges and was unwilling to agree to the resolution.

- After additional discussion, the felony prosecutor made multiple promises indicating that he would "not only dismiss

---

[2] The motion asserted that the prosecutor made multiple statements indicating there was a "gentlemen's agreement" that the case would be dismissed "no matter what."

[3] As we previously recognized, the parties, at times, and the court of appeals have labeled the offense as an assault of a public servant but both the original indictment and the record on appeal for the refiled felony assault case indicate the charge is for assault on a peace officer. *State v. Hatter*, 665 S.W.3d 584, 586 n. 1 (Tex. Crim. App. 2023); *compare* Tex. Penal Code Ann. § 22.01(b-2) (peace officer), *with* § 22.01(b)(2) (public servant).

the felony case regardless of the misdemeanor dispositions, but that he would promise to never re-file the felony case."[4] The prosecutor told counsel that he would give the reason of "other" on the dismissal and would write "subject to re-file" but again promised that the case would not be refiled.

- The felony case was dismissed before the disposition of the DWI cases. The following month, the DWI cases were dismissed.

- When the arresting officer learned that all of the cases against Appellee had been dismissed, she complained, and the prosecutor was ordered by a superior at the Harris County District Attorney's Office to refile the case despite his promises not to do so.

The trial court held a hearing on Appellee's motion for specific performance.[5] The prosecutor testified that at the time the dismissal was filed, he "didn't believe that subjecting [Appellee] to the potential outcomes regarding a conviction for assault of a public officer -- a peace officer was appropriate based on the decision that we had offered to outright dismiss the case conditioned on a plea to the DWIs." Further, he testified that he did not recall using the terms "promise" or "gentlemen's agreement," however, it was his intention not to refile the felony and the decision to refile came from his superiors. But he said it was possible that the disposition would have been different had the DWI cases been dismissed prior to the trial date in the felony assault.

---

[4] The affidavit also stated that the disposition was in the interests of justice because it was unfair that Appellee's attorney on the misdemeanor would not cooperate with the plea bargain.

[5] Appellee's counsel's affidavit was submitted as a defense exhibit at the hearing on Appellee's motion for specific performance.

Ultimately, the State argued that there was no relief that could be granted under the circumstances.  The State argued it could not unilaterally, without court approval, give a grant of immunity from future prosecution, and no such agreement was approved by the court.  Also, the State argued that no consideration had ever been received for any promise not to refile.  Appellee argued that the promise not to refile constituted a contract that could be enforced.  The trial court found there was a promise, although the trial judge remained unsure of whether there was a contract, that could be enforced.  The trial court granted the motion for specific performance and directed the State to file a dismissal of the felony assault charge.  The State filed an appeal along with an alternative petition for writ of mandamus.[6]

**Appeal and Remand**

On appeal, the State argued that the trial court was without authority to dismiss the case or order the State to dismiss it because there was no legally binding agreement between the State and Appellee.  The State maintained that, at most, there was an un-bargained for promise to dismiss without refiling, which was not enforceable absent performance by the Appellee.  The court of appeals disagreed and found, based on the trial court's findings, that there was an immunity from prosecution agreement between

---

[6] *State v. Hatter*, 634 S.W.3d 456 (Tex. App. – Houston [14th Dist.] 2021, pet. granted).  As to the threshold question of the appropriate remedy for relief, the court of appeals found the State had an adequate remedy at law by ordinary appeal and therefore dismissed the alternative petition for a writ of mandamus as moot. *Id.* at 460.

the State and Appellee, which the trial court approved when it granted the dismissal and motion for specific performance.[7]  Therefore, the court of appeals affirmed the trial court's order dismissing the felony charge.[8]

Justice Jewell filed a dissenting opinion.  Justice Jewell concluded that no immunity agreement existed, noting the State did not consent to the dismissal of the refiled case and that an immunity agreement requires consideration, which was lacking.[9]  The dissent concluded that absent Appellee having given something in exchange for the prosecutor's promise, the promise was not binding on the State.[10]  Justice Jewell concluded that even if there were an immunity agreement, it was not approved in advance so it would not have been binding.[11]

The State sought discretionary review.  The State challenged the court of appeals' determination that the promise not to refile constituted a retroactive immunity agreement.  This Court agreed that the prosecutor's promise to dismiss the assault case and not refile it did not constitute an immunity agreement.[12]  Rather, we concluded that this was the beginning of

---

[7] *Id.* at 462.

[8] *Id.* at 463.

[9] *Id.* at 466 (Jewell, J., dissenting).

[10] *Id.* at 467.

[11] *Id.* at 469.

[12] *Hatter*, 665 S.W.3d at 594.

a plea-bargain agreement.[13]   We remanded to the court of appeals for it to consider whether the trial court's "granting Appellee's motion for specific performance is correct under any other theory of law applicable to the case, including but not limited to whether there was an enforceable plea agreement, and, if so, what were the terms of the agreement, whether either party breached the agreement, and whether Appellee was entitled to specific performance."[14]

On remand, the court of appeals held that the trial court acted within its discretion to determine there was a plea agreement and to order the State to dismiss the refiled assault case based on that agreement.[15]   First, the court of appeals held that the terms of the plea agreement were clear: in exchange for dismissal of the felony charge, Appellee agreed to plead guilty to the two DWIs.[16]   The court then held that Appellee's obligation to plead guilty to the DWI charges, pursuant to the agreement, was "considered fulfilled" because the fulfilment of that condition was prevented by the State when it dismissed the two DWIs.[17]   The court of appeals concluded the State breached the

---

[13] *Id.*

[14] *Id.* at 595.

[15] *State v. Hatter*, 681 S.W.3d 885, 893 (Tex. App. – Houston [14th Dist.] 2023, pet. granted).

[16] *Id.* at 892.

[17] *Id.* at 893 ("These [DWI] charges were dismissed by the misdemeanor prosecutor who . . . operated as an agent of the State. Accordingly, any consideration Appellee was required to provide to render the agreement enforceable was 'considered fulfilled.'").

agreement by refiling the felony case and the trial court acted within its discretion to grant the motion for specific performance.[18] The State filed a motion for rehearing, which was denied.

Justice Jewell again dissented. In his view, the record did not establish the existence of a plea agreement.[19] He argued there was no evidence that Appellee ever accepted the State's plea offer, consented to its terms, or made any mutual promise as would be required for a bilateral contract or plea agreement. Furthermore, the trial court never accepted a plea agreement.[20] Finally, he concluded that there could be no binding unilateral contract because Appellee did not give any consideration, e.g., pleading guilty to the DWIs for the promise to dismiss.[21] While Justice Jewell agreed this became impossible when the DWI charges were dismissed, he regarded this as terminating the outstanding plea offer.[22]

---

[18] *Id.* at 892-93.

[19] *Id.* at 893-99. (Jewell, J., dissenting).

[20] *Id.* at 897.

[21] *Id.* at 898.

[22] *Id.* ("In the unilateral contract setting, moreover, it is irrelevant that the State dismissed the DWI charges because only the State may offer a plea bargain, and it is free to withdraw or terminate the offer at any time before the promisee performs and before court approval. Once the DWI charges were dismissed, the outstanding plea offer necessarily was terminated and off the table.").

## Discretionary Review

The State sought discretionary review. We granted the State's petition which raises the following issues:

1. The Fourteenth Court's opinion is based on false statements of the record.

2. The Fourteenth Court erred by affirming the trial court on a theory of law not applicable to the case. The Fourteenth Court affirmed on a legal theory that was not litigated below because the appellee had disclaimed it, thus the State was not put on notice of the need to adduce evidence refuting the theory.

The State argues, as Justice Jewell did, that the record refutes the court of appeals' conclusion that Appellee had agreed to plead guilty to the DWI charges or that the State unilaterally withdrew an existing plea agreement. Also, the State argues that had the State been put on notice before the trial court that Appellee was alleging that a plea bargain agreement existed it could have presented evidence refuting the existence of a plea bargain.

Appellee concedes that the lower court mistakenly cites the motion for specific performance as evidence that a plea agreement had been reached in this case.[23] However, Appellee argues that the record still supports the conclusion that there was a plea agreement. Appellee argues her obligation to plead guilty to the DWIs was correctly considered fulfilled when the State prevented fulfillment by dismissing the two DWIs. Appellee does not squarely

---

[23] *Hatter*, 681 S.W.3d at 891 ("In her 'Motion for Specific Performance,' Appellee asserted that the parties reached an agreement pursuant to which her felony assault charge would be dismissed in exchange for her guilty plea to the DWI charges.").

address the claim that the State was not put on notice of the plea agreement theory below.

As we will explain in greater detail below, we conclude that there was no enforceable plea agreement in this case, and the court of appeals erred to conclude otherwise. The prosecutor's promise to dismiss the felony assault case and not refile it was not binding under these circumstances.[24] Therefore, we reverse the judgment of the court of appeals and enter judgment reversing the trial court's order granting Appellee's motion for specific performance.

## Plea Bargain Agreements

We have described the process of plea bargaining as one in which a defendant, his or her attorney, and the prosecutor "enter into an agreement which provides that the trial on [a] particular charge not occur or that it will be disposed of pursuant to the agreement between the parties, subject to the approval of the trial judge."[25] There is no constitutional or statutory right to a plea bargain.[26] A plea bargain agreement is a contract between the State and the defendant.[27] As such, general contract law principles govern and

---

[24] We need not reach the question of whether the theory that there was a plea bargain agreement constitutes "the law applicable to the case" because we conclude that there was no plea bargain agreement in the first place.

[25] *Perkins v. Court of Appeals for Third Supreme Judicial Dist. Of Texas, at Austin*, 738 S.W.2d 276, 282 (Tex. Crim. App. 1987) ("Put another way, 'plea bargaining is the process by which the defendant in a criminal case relinquishes his right to go to trial in exchange for a reduction in charge and/or sentence.'").

[26] *Id.* (citing *Morano v. State*, 572 S.W.2d 550, 550-51 (Tex. Crim. App. 1978)).

[27] *Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009).

appellate courts look to any written agreement as well as the record to determine the terms of a plea agreement.[28]  A plea bargain agreement is a bilateral contract and consists of three parts: a plea of guilty, the consideration for it, and approval of the agreement by the trial court.[29]   Plea bargain agreements "may contain a wide variety of stipulations and conditions that allow the state to tailor conditions in order to reach agreement with the defendant."[30]  Until all of the necessary parties have agreed to the terms of the contract, the agreement is not binding.[31]

We have recognized that a plea bargain agreement becomes a binding contract only after both parties have knowingly and voluntarily agreed to the terms of the agreement and the agreement is accepted by the trial judge.[32] We have previously stated:

> When a defendant agrees to the terms of a plea bargain agreement, he is deemed to have entered into the agreement knowingly and voluntarily unless he shows otherwise. In effect, he becomes a party to a "contract." The "contract" does not become operative until the court announces it will be bound by the plea bargain agreement. Once the court makes such an announcement, the State is bound to carry out its side of the bargain. Likewise, the defendant is bound to carry out his side of the bargain.[33]

---

[28] *Thomas v. State*, 516 S.W.3d 498, 502 (Tex. Crim. App. 2017).

[29] *Ortiz v. State*, 885 S.W.2d 271, 273 (Tex. App. – Corpus Christi, 1994), *aff'd*, *Ortiz v. State*, 933. S.W.2d 102, 103 (Tex. Crim. App. 1996).

[30] *Moore*, 295 S.W.3d at 331-32.

[31] *Ortiz*, 933 S.W.2d at 104.

[32] *Moore*, 295 S.W.3d at 331.

[33] *Ex parte Williams*, 637 S.W.2d 943, 947 (Tex. Crim. App. 1982) (internal citations omitted).

This understanding of plea bargaining is codified in Article 26.13 of the Code of Criminal Procedure, which requires that, before accepting a guilty plea, trial courts "inquire as to the existence of a plea bargain agreement between the state and the defendant and, if an agreement exists, the court shall inform the defendant whether it will follow or reject the agreement in open court and before any finding on the plea."[34] Once a trial court accepts a plea bargain agreement, the State cannot withdraw its offer.[35] Before that period, only the State may offer or withdraw a plea bargain offer.[36] If the trial court rejects an agreement reached by the parties, the defendant shall be permitted to withdraw his or her plea of guilty.[37]

Therefore, the parties must each knowingly and voluntarily agree to the terms, and the trial court must approve those terms, before the plea bargain agreement becomes binding.[38] If such an agreement exists, the parties are entitled to specific performance of the bargain if the agreement is

---

[34] Tex. Code Crim. Proc. Ann. art. 26.13(a)(2).

[35] *Moore*, 295 S.W.3d at 332; *Ex parte Cox*, 482 S.W.3d 112, 116 (Tex. Crim. App. 2016) ("It is well established that, after the judge has accepted a plea bargain in open court, a defendant has a right to enforce the State's part of the plea bargain.").

[36] *Moore*, 295 S.W.3d at 332 (recognizing that "[o]nly the state may offer or withdraw a plea bargain" but "[i]f the trial court accepts a plea-bargain agreement, the state may not withdraw its offer.").

[37] Tex. Code Crim. Proc. Ann. art. 26.13(a)(2).

[38] *Ex parte Williams*, 758 S.W.2d 785, 786 (Tex. Crim. App. 1988) ("When a trial court accepts a plea agreement, its terms then become binding upon the parties.").

enforceable.[39]   If the provisions of a plea agreement are unenforceable, a guilty plea entered according to the agreement may be withdrawn.[40]  "A party to an agreement has no contractual rights to demand specific performance over terms not appearing in the agreement or record."[41]   With these considerations in mind, we turn to whether or not a plea bargain agreement existed in this case.

## Analysis

It is undisputed that the State made a plea offer, but that is as far as it went.  The State offered to dismiss Appellee's felony case in exchange for Appellee's plea of guilty in the driving while intoxicated cases.[42]  Appellee and the State agree that these were the terms of the plea offer.  But that plea offer never became a binding plea bargain agreement.

There are several reasons for our conclusion that the dismissal of Appellee's felony assault charge was not pursuant to a plea bargain

---

[39] *Moore*, 295 S.W.3d at 332; *Perkins*, 738 S.W.2d at 283 ("when the defendant enters into a plea bargain agreement with the prosecutor, and the trial judge approves the agreement, and the agreement is not kept, the proper relief is either specific performance of the agreement, if it can be enforced, or withdrawal of the plea if it cannot").

[40] *Perkins*, 738 S.W.2d at 283; *see also Ex parte Austin*, 746 S.W.2d 226, 227 (Tex. Crim. App. 1988) ("The appropriate relief for failure to keep a plea bargain is either specific enforcement of the agreement or withdrawal of the plea, depending on the circumstances of each case.").

[41] *Williams*, 758 S.W.2d at 786.

[42] *Perkins*, 738 S.W.2d at 282 ("Plea bargaining is a process which implies a preconviction bargain between the State and the accused whereby the accused agrees to plead guilty or nolo contendere in exchange for a reduction in the charge, a promise of sentencing leniency . . . or some other concession by the prosecutor . . .").

agreement. First, the offer did not become an agreement because a plea bargain agreement requires both parties to agree to the terms of the offer.[43] Appellee never agreed. Appellee's counsel acknowledged in her affidavit that the dismissal of the felony charge was contingent upon the pleas in the misdemeanor cases.[44] Counsel likewise acknowledged that Appellee's counsel on the misdemeanor cases was unwilling to negotiate a plea in accordance with the agreement. And there is no evidence in the record that Appellee ever agreed to plead guilty to the DWIs as part of the State's plea offer nor did she plead guilty to the DWIs. Without Appellee's agreement to plead guilty to the DWIs, the parties did not have a plea bargain agreement.[45]

Second, even if we were to assume that Appellee and the State had reached an agreement, that agreement never became binding because it was never approved by the trial court.[46] The terms of the plea bargain offer were never brought to the trial court for approval. Unless the trial judge accepts a plea agreement, the contract of the plea agreement is not binding on the parties.[47] For example, in *Ortiz v. State*, a defendant charged with aggravated

---

[43] *Williams*, 637 S.W.2d at 947.

[44] Counsel's affidavit states: "The offer from the State to [Appellee] in our felony case was that in exchange for a plea of guilty in her Driving While Intoxicated case(s), her Assault of a Public Servant case would be dismissed."

[45] *Ortiz*, 933 S.W.2d at 104.

[46] *Williams*, 637 S.W.2d at 946; *Moore*, 295 S.W.3d at 331.

[47] *Ortiz*, 933 S.W.2d at 104.

robbery pleaded guilty, pursuant to a plea agreement, to the lesser included offense of robbery.[48]  The trial court "accepted" the defendant's guilty plea but stated he was "deferring findings" until the preparation of the presentence report.[49]  After the report was available, the trial court stated it could not accept the terms, specifically, the finding as to the lesser included offense.[50] The defendant sought to enforce the plea agreement, arguing that the trial court implicitly accepted the terms of the agreement when it "accepted" the guilty plea.[51]  The court of appeals disagreed, concluding that any such "acceptance" was premature and tentative because the trial court deferred findings, and therefore, did not approve or reject the plea agreement at the time of the defendant's guilty plea.[52]  We agreed, stating, "[e]ssentially, the trial judge accepted the plea conditionally while he deferred a final decision until the pre-sentence investigation was complete. He did not adjudicate guilty or accept the plea agreement."[53]

Here, even assuming Appellee had agreed to the terms of the State's plea bargain offer, the trial court never had the opportunity to approve the

---

[48] *Id.* at 103.

[49] *Id.*

[50] *Id.*

[51] *Id.* at 104.

[52] *Id.*

[53] *Id.*

agreement. The State's motion to dismiss, for example, indicated only that the State reserved the right to refile. Because Appellee never sought to enter a guilty plea in the DWIs, no trial court ever inquired as to the existence of a plea bargain agreement or informed Appellee whether the agreement would be followed or rejected as required.[54]

The court of appeals concluded that Appellee was prevented from holding up her end of the bargained for agreement because the State made her performance impossible by dismissing the DWI charges.[55] But this conclusion presumes that Appellee agreed to plead guilty to the DWIs and, as discussed above, the record does not support that conclusion. It also presumes that the trial court would have approved the plea bargain agreement, thereby rendering its terms binding on the parties.[56] Before approval by the trial court, the State was free to withdraw its offer to dismiss the felony.[57] Without the trial court's approval of the terms of the plea bargain and the agreement of both parties to those terms, the State was not bound to its initial plea offer.[58]

---

[54] Tex. Code Crim. Proc. Ann. art. 26.13(a)(2).

[55] *Hatter*, 681 S.W.3d at 892.

[56] *Moore*, 295 S.W.3d at 332 ("If the trial court accepts a plea-bargain agreement, the state may not withdraw its offer.").

[57]*Id.*; *see also DeRusse v. State*, 579 S.W.2d 224, 236 (Tex. Crim. App. 1979) (holding there was no reversible error when the State withdrew its plea offer prior to the entry of the defendant's plea).

[58] *Moore*, 295 S.W.3d at 332. We disagree with the court of appeals that the trial court implicitly accepted the plea agreement when it concluded there was a promise made to

Even if we regarded the State's decision to dismiss the felony case as a "promise," we agree with Justice Jewell that such a unilateral promise was not enforceable because Appellee never offered any consideration.[59] Unlike a plea agreement, which involves a bilateral contract in which there are mutual promises between the two parties, a unilateral contract may be "created by the promisor promising a benefit if the promisee performs."[60] A unilateral contract becomes enforceable when the promisee performs, thus accepting the offer through his or her actions rather than by an agreement to act.[61] The Texas Supreme Court has explained that a "unilateral contract occurs when there is only one promisor and the other accepts . . . by actual performance, rather than by the usual mutual promises."[62] Thus, in order for the State's unilateral promise to dismiss the felony charge to be enforceable, Appellee would have to have provided some consideration, e.g., performance. Appellee

---

dismiss the case "no matter what" and granted the motion for specific performance. *Hatter*, 681 S.W.3d at 891. The trial court's conclusion illustrates only that the trial court intended to enforce the State's promise to dismiss regardless of whether there was a contracted plea bargain agreement. *Id.* at 896 (Jewell, J., dissenting) (noting that the trial court said it was granting the motion because it "is the honoring of the promise" although it was "not sure" if there was a contract).

[59] *Hatter*, 681 S.W.3d at 895-96.

[60] *Vanegas v. Am. Energy Servs.*, 302 S.W.3d 299, 302 (Tex. 2009) (internal citations omitted).

[61] *Id.; see also City of Houston v. Williams,* 353 S.W.3d 128, 135-36 (Tex. 2011) (explaining that a unilateral contract created by a promisor's promise of a certain benefit if the promisee performs becomes enforceable upon the promisee's performance).

[62] *City of Houston*, 353 S.W.3d at 136 ("The requirement of mutuality is not met by an exchange of promises; rather, the valuable consideration contemplated in 'exchange for the promise is something other than a promise,' i.e., performance.").

gave no consideration in exchange for the State's promise. And without consideration, the State's unilateral promise to dismiss, assuming the trial court found such a promise existed, was not enforceable.[63] Thus, the State's promise was not enforceable. To the extent that Appellee argues that her ability to provide the necessary consideration was frustrated by the State's dismissal of the two DWIs, we regard this as the State's withdrawal of its offer prior to acceptance which the State was authorized to do.[64]

### Conclusion

Because we conclude that there was no binding plea agreement, we need not consider the court of appeals' conclusion that the State breached the terms of that agreement. Here, the State offered to dismiss the felony assault charge in exchange for a plea of guilty to the DWI charges. The terms were neither accepted by Appellee nor approved by the trial court as required for a plea bargain agreement to become a binding contract. And, to the extent it can be argued that the State unilaterally promised to dismiss the felony charge, that promise was unenforceable because Appellee never accepted the State's promise to dismiss through performance. Before performance, the State was not bound by the terms of its plea offer or any unilateral promise. We reverse the judgment of the court of appeals and enter a judgment

---

[63] *Id.*

[64] *Moore*, 295 S.W.3d at 332; *Vanegas*, 302 S.W.3d at 303 (a unilateral contract offer can be withdrawn at any point prior to performance); *DeRusse*, 579 S.W.2d at 236 ("In the absence of any showing of harm, we hold that the prosecutor's withdrawal from the plea bargain agreement prior to the entry of the plea by [the defendant] was not reversible error.").

reversing the trial court order directing the State to dismiss the felony and remand for further proceedings consistent with this opinion.

Publish

Delivered: January 22, 2025